---

### DISTRICT COURT OF THE VIRGIN ISLANDS

### DIVISION OF ST. CROIX

ALFRED LOPEZ,

                              **Plaintiff,**                  2003-CV-0003

   v.

KMART CORPORATION,

                            **Defendant.**

---

TO:   Lee J. Rohn, Esq.
       Yvette Ross-Edwards, Esq.

### ORDER REGARDING DEFENDANT'S MOTIONS TO COMPEL

THIS MATTER came before the Court upon the parties' Joint Stipulation Regarding Defendant's Motion to Compel Plaintiff to Provide Signed Medical Authorizations (Docket No. 46), Joint Stipulation Regarding Defendant's Motion to Compel Plaintiff to Provide Supplemental Responses to Discovery (Docket No. 48), and Joint Stipulation [Regarding Defendant's Motion] to Compel Plaintiff's Physical Examination Pursuant to Fed. R. Civ. P. 35 (Docket No. 50).

In its motion to compel Plaintiff to provide signed medical authorizations, Defendant claims that Plaintiff refuses to provide the "HIPAA Authorizations" in the

*Lopez v. Kmart Corp.*
2003-CV-0003
Order Regarding Defendant's Motions to Compel
Page 2

absence of a confidentiality agreement and that Defendant objects to the scope of Plaintiff's proposed confidentiality agreement.

Defendant cites the paragraph of Plaintiff's proposed confidentiality agreement that contains the definition of *confidential information* for purposes of the agreement. It is clear from this cited definition that Plaintiff seeks to protect all of his medical and psychological records.

This Court previously has held that, where a party's physical condition is a factor or element of the party's claims, no patient-physician privilege exists, pursuant to V.I. Code Ann. tit. 5 § 855. Section 855 codifies the physician-patient privilege in the Virgin Islands. However, subparagraph four (4) of said statute, provides, in pertinent part: "There is no privilege under this section in an action in which the condition of the patient is an element or factor of the claim or defense of the patient . . . ." V.I. Code Ann. tit. 5 § 855(4) (1997). The plain meaning of the provision is that there is no physician-patient privilege *in an action* where the condition of the patient is an element or factor of the claim or defense of such patient. In other words, where the "condition" of a patient (as defined by the statute) is an element or factor of a claim or defense of that patient in a civil *action,* there is no physician-patient privilege in that *action*.

*Lopez v. Kmart Corp.*
2003-CV-0003
Order Regarding Defendant's Motions to Compel
Page 3

Since no physician-patient privilege exists in this matter, all Plaintiff's medical records are not privileged nor require confidential treatment.  However, because alcohol and drug abuse treatment, mental health, and AIDS/HIV diagnosis and/or treatment are protected by the Health Insurance Portability and Accountability Act (HIPAA), the Court will order that such information be subject to a confidentiality agreement.  The parties' confidentiality agreement shall incorporate the provisions as ordered herein.

With regard to Defendant's motion to compel supplemental discovery responses, the record reflects that Plaintiff filed notice of service of his supplemental responses on April 12, 2007 (Docket No. 47).  Thus, the Court finds said motion moot.

The only issue in dispute in Defendant's motion to compel Plaintiff's physical examination is the amount Defendant will pay Plaintiff per day to cover the cost of meals while in New York for his IME.  The Court finds that the amount Defendant offered to pay and that it stated is its standard rate per day for out of town meal expenses is reasonable. Consequently, the Court will order Plaintiff to accept the $30.00 per day for meals and that Plaintiff's IME be scheduled at the earliest date the parties can agree upon.

Accordingly, it is hereby **ORDERED**:

*Lopez v. Kmart Corp.*
2003-CV-0003
Order Regarding Defendant's Motions to Compel
Page 4

1. Defendant's Motion to Compel Plaintiff to Provide Signed Medical Authorizations (Docket No. 46) is **GRANTED**.

2. Plaintiff shall, within ten (10) days, execute what Defendant refers to as the HIPAA Authorizations, which may include the release of information concerning alcohol and/or drug abuse treatment and/or mental health and/or AIDS- or HIV-related condition, diagnosis, and/or treatment.

3. The parties shall, within ten (10) days, execute a confidentiality agreement in accordance with the following provisions:

   a. The words *contract, agreement, medical records, and Sexually Transmitted Disease* [sic] shall be removed from the definition of "confidential information."

   b. Access to all alcohol and/or drug abuse treatment and/or mental health and/or AIDS- or HIV-related information shall be limited to just those attorneys and support staff directly involved in preparation of this case, and counsel for Defendant shall not allow representatives of Defendant access to the information.

*Lopez v. Kmart Corp.*
2003-CV-0003
Order Regarding Defendant's Motions to Compel
Page 5

        c.      Counsel for Defendant may reveal the alcohol and/or drug abuse and/or mental health and/or AIDS- or HIV-related information to the minimum number of Defendant's experts necessary to evaluate the information and prepare the case.

        d.      All alcohol and/or drug abuse and/or mental health and/or AIDS- or HIV-related information shall be kept in separate envelopes on the front of which shall be affixed a notice stating its confidential nature, and counsel for Defendant shall inform each person to whom such information is disclosed of its confidential nature and that person's duties under the Confidentiality Agreement entered in this matter.

        e.      At the conclusion of legal proceedings between the parties, counsel for Defendant shall return all alcohol and/or drug treatment and/or mental health and/or AIDS- or HIV-related information to Plaintiff.

4.      Defendant's Motion to Compel Plaintiff to Provide Supplemental Responses to Discovery (Docket No. 48) is **DENIED AS MOOT**.

5.      [Defendant's Motion] to Compel Plaintiff's Physical Examination Pursuant to Fed. R. Civ. P. 35 (Docket No. 50) is **GRANTED**.

*Lopez v. Kmart Corp.*
2003-CV-0003
Order Regarding Defendant's Motions to Compel
Page 6

6.      Defendant's offer of $30.00 per day for meals is reasonable; Plaintiff shall

accept that amount and shall not delay any longer his IME.  Plaintiff's IME

shall be scheduled for the earliest date mutually acceptable to the parties.

ENTER:

Dated: February 21, 2008                          _____/s/_____
                                                  GEORGE W. CANNON, JR.
                                                  U.S. MAGISTRATE JUDGE