# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

ALFRED LOPEZ, )
)
        Plaintiff, )
) CIVIL NO. 2003/0003
v. )
)
)
KMART CORPORATION, )
)
        Defendant. )
)
)
_____ )

## MEMORANDUM OPINION

FINCH, J.

    THIS MATTER comes before the Court on Plaintiff's Appeal From Magistrate Judge's Order Entered July 14, 2006 Denying Plaintiff's Motion to Compel addresses of persons listed in response to interrogatory numbers 10 and 11. Defendant opposes such Appeal. After careful consideration and upon review of the briefs submitted by the parties, the Court issues the following ruling.

### I.    FACTUAL & PROCEDURAL BACKGROUND

    Plaintiff alleges that Defendant's premises were in an unsafe condition on December 5, 2002 due to a blue slippery liquid on the floor. Complaint ¶¶ 3-4. Plaintiff claims that Defendant failed to properly inspect, maintain and clean its premises. Complaint ¶ 6. Plaintiff slipped and fell in Defendant's store and sustained injuries as a result. Complaint ¶ 8.

Plaintiff's interrogatory numbers 10 and 11 requested that Defendant set forth "all complaints, concerns, notices, knowledge of or warnings that Defendant received from any individual, including employees, regarding any problems, hazards, dangers, defects or injuries concerning the condition of Defendant's floors, including those relating to spills, products, soapy or slippery liquids and substances accumulating or being left on Defendant's floors." See Pl.'s Notice of Appeal of Magistrate Judge's Order dated July 14, 2006 at 2 (Docket No. 36). In its supplemental responses to interrogatory numbers 10 and 11, Defendant provided Plaintiff with the names of individuals who submitted complaints relating to a slip and fall on the floor at Defendant's Kmart store number 7413 for a period of two years from 1/1/02 to 12/31/03 and a description of each complaint, including a reference to those complaints that proceeded to litigation. Id. Defendant did not provide Plaintiff with the addresses of those individuals it identified.

In failing to provide the addresses of those individuals who submitted complaints, Plaintiff argues that Defendant has not complied with the mandates of Rules 26 of the Federal Rules of Civil Procedure to provide complete responses to Plaintiff's discovery requests.[1] Id. Plaintiff moved to compel Defendant to supplement such responses with the addresses of the individuals identified in Defendant's answer. In an Order dated July 14, 2006, the Magistrate Judge denied Plaintiff's motion to compel on the grounds that the addresses at issue involve individuals who are not parties to this action, did not have knowledge of the underlying incident alleged in this matter and have not been designated as witnesses. See Magistrate Judge's Order Denying Pl.'s Mot. to Compel at 1, July 14, 2006 (Docket No. 35).

---

[1] Rule 26(b), regarding the scope and limits of discovery, allows for the discovery of "the identity and location of persons having knowledge of any discoverable matter." Fed. R. Civ. P. 26(b)(1); see Chalick v. Cooper Hospital/University Med. Ctr., 192 F.R.D. 145, 150 (D.N.J. 2000); 8 Wright and Miller Fed. Prac. Proc. Civ.2d § 2013, Identity of Witnesses.

**II.     STANDARD OF REVIEW**

Magistrate Judges are allowed to issue rulings on non-dispositive pretrial matters. Fed. R. Civ. P. 72(a). When a party appeals a magistrate's ruling, this Court can modify or set aside any portion of that ruling it finds to be "clearly erroneous or contrary to law." Id. A ruling is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Marks v. Struble, 347 F.Supp.2d 136, 149 (D.N.J. 2004). In addition, a Magistrate Judge's ruling is contrary to law if "the Magistrate Judge misinterpreted or misapplied the applicable law." Id. The Magistrate Judge's decisions are accorded wide discretion. National Labor Relations Board v Frazier, 966 F.2d 812, 817 (3d Cir. 1992).

**III.    DISCUSSION**

Plaintiff argues that the Magistrate Judge abused his discretion when he failed to order Defendant to provide the addresses of individuals that Defendant identified as persons with knowledge of complaints concerning the condition of Defendant's floors. Pl.'s Notice of Appeal of Magistrate Judge's Order dated July 14, 2006 at 3. Defendant contends that (1) the evidence is not relevant, (2) the information sought is invasive of the privacy rights of the individuals, and (3) it may no longer be in possession of the addresses of the individuals listed. See Def.'s Response in Opp. to Pl.'s Notice of Appeal of Magistrate Judge's Order of July 14, 2006 at 5-6 (Docket No 37).

Federal Rule of Civil Procedure 26 provides that a party "may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." Ruiz v. Royer Pharm., Inc., 1999 U.S. Dist. LEXIS 2436 at *6-7 (E.D. Pa. Feb. 26, 1999) (citing Fed. R. Civ. P. 26(b)(1)); see also Medmarc Cas. Ins. Co v. Arrow Int'l, Inc., 2002 U.S. Dist. LEXIS 15082 at *4 (E.D. Pa. 2002) (citing Fed. R. Civ. P. 26(b)(1)) (holding that information is discoverable if it is relevant, "whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party. . . ."). The term "relevant" is not defined by the Rules but courts have interpreted the term to encompass "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." Oil, Chemical & Atomic Workers Local Union v. N.L.R.B., 711 F.2d 348, 360 (D.C. Cir. 1983); Kidwiler v. Progressive Paloverde Ins. Co., 192 F.R.D. 193, 199 (N.D. W.Va. 2000); see Hickman v. Taylor, 329 U.S. 495, 499–501 (1947); Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).

Information such as other incidents of the same type or involving the same product may be relevant to the claims in the action. Advisory Committee Note to the 2000 Amendment to Rule 26(b)(1); See Bowman v. General Motors Corp., 64 F.R.D. 62, 66-68 (E.D. Pa. 1974); Publix Supermarkets, Inc. v. Martin, 739 So.2d 174, 175 (Fla. Dist. Ct. App. 2d Dist. 1999). Courts have found that a plaintiff involved in a slip and fall accident is entitled to discovery of the addresses of other people who were involved in similar accidents. Martin, 739 So.2d at 175; Gechoff v. Our Lady of Victory Hosp., 190 A.D.2d 1060 (N.Y. App. Div. 4th Dep't 1993); Bystrom v. Sears, Roebuck & Co., 1959 WL 5331 at *306 (Pa. Com. Pl. May 19, 1959). However, discovery in those cases was limited to prior incidents that occurred within days of the plaintiff's accident or involved almost identical circumstances. See Martin, 739 So.2d at 175;

4

see also Gechoff, 190 A.D.2d 1060 (holding that plaintiff entitled to discover address of person who fell in lobby 13 days before plaintiff's fall); Bystrom, 1959 WL 5331 at *306 (holding that plaintiff entitled to discover address of other people who fell in store in the affected area on the same date).

Plaintiff requests that Defendant provide addresses for all persons who have previously complained about "any problems, hazards, dangers, defects or injuries concerning the condition of Defendant's floors, including those relating to spills, products, soapy or slippery liquids and substances accumulating or being left on Defendant's floors." See Pl.'s Notice of Appeal of Magistrate Judge's Order dated July 14, 2006 at 2. Although the individuals whose addresses are sought by Plaintiff submitted complaints due to a slip and fall accident on Defendant's premises, these past incidents occurred in various locations throughout the store and several of them did not involve a slippery liquid on the floor. Plaintiff has not shown how these past incidents are substantially similar or related to her own slip and fall.

In this case, an order of discovery which requires Defendant to provide the addresses of all individuals listed in response to interrogatory numbers 10 and 11 is too broad. See Bucyrus-Erie Co. v. Hessey, 421 So. 2d 672, 673 (Fla. Dist. Ct. App. 3d Dist. 1982). The addresses of persons who were involved in slip and fall accidents that did not occur in the same area, did not involve a spilled liquid or did not occur within days of Plaintiff's fall are not relevant. Since the information Plaintiff seeks is not relevant to the subject matter of this action, it is not discoverable. Fed. R. Civ. P. 26(b)(1); see Hercules Powder Co. v. Rohm & Haas Co., 3 F.R.D. 302, 304 (D. Del. 1943); 8 Wright and Miller Fed. Prac. Proc. Civ.2d § 2008. Therefore, the Court holds that the Magistrate's Order denying Plaintiff's Motion to Compel the addresses of those individuals having knowledge of complaints concerning the condition of Defendant's

floors is not clearly erroneous or contrary to law.  Defendant is not required to supplement its responses to interrogatory numbers 10 and 11 by providing the individual complainants' addresses to Plaintiff.

## IV.     CONCLUSION

The Court finds that the addresses requested by Plaintiff are not discoverable in this matter and Defendant is not required to submit such addresses to Plaintiff.  For the reasons set forth herein, Plaintiff's Appeal From Magistrate Judge's Order Entered July 14, 2006 Denying Plaintiff's Motion to Compel addresses of persons listed in response to interrogatory numbers 10 and 11 is **DENIED**.  The Magistrate's Order Denying Plaintiff's Motion to Compel is **AFFIRMED.**

**ENTERED this 24th day of June, 2008.**

/s/
**HONORABLE RAYMOND L. FINCH**
**U.S. DISTRICT JUDGE**