# DISTRICT COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

| | |
|---|---|
| ALFRED LOPEZ, | |
| Plaintiff, | 1:03-cv-3 |
| v. | |
| KMART CORPORATION, | |
| Defendant. | |

TO: Lee J. Rohn, Esq.
     Wilfredo A. Geigel, Esq.

## ORDER REGARDING DEFENDANT'S MOTION REQUESTING SANCTIONS

THIS MATTER came before the Court upon Defendant's Motion Requesting Sanctions (Docket No. 97). Plaintiff filed an opposition to said motion, and Defendant filed a reply thereto.

Defendant seeks sanctions for Plaintiff's failure to attend a medical examination to which the parties had agreed. Plaintiff states that he did not refuse to attend, but was unable to attend given his inability to travel alone and Defendant's failure to provide an airline ticket for his wife to accompany him.

To begin, the Court addresses Plaintiff's contention that Defendant's motion is procedurally incorrect for failing to adhere to the requirements of LRCi 37.1. Defendant's

motion is one for sanctions. The Court previously has held that a motion for sanctions is "not 'a motion related to discovery.'" Memorandum Opinion, *Mendez v. HOVENSA, L.L.C.*, 1:02-cv-169 (Docket No. 357), entered February 15, 2008, at 2. While said opinion refers specifically to motions brought pursuant to Fed. R. Civil P. 37(d), in support of its finding it cites cases dealing with motions brought under Fed. R. Civ. P. 37(c). Memorandum Opinion at 2. Like the movant in *Mendez*, Defendant's current motion "seeks sanctions for failure to participate in the discovery process, in contrast to a motion to compel further discovery . . . . Thus, Rule 37.1 in no way impedes Plaintiffs from invoking their rights under Rule 37(d) of the Federal Rules of Civil Procedure." Memorandum Opinion at 2 (citation omitted). As Rule 37(d) addresses a party's failure to attend his own deposition and the motion at bar seeks sanctions for Plaintiff's failure to attend his IME, the Court will apply the same reasoning to Defendant's motion. Consequently, the Court finds that the motion is not procedurally deficient.

Turning to the substance of Defendant's motion, the Court finds that Plaintiff's failure to attend his IME, as agreed, constitutes sanctionable conduct. Despite Plaintiff's contention that Plaintiff could not travel alone, the Court finds that it is not Defendant's responsibility to pay for an escort. If Plaintiff required or desired his wife to accompany

him, he could have paid for her ticket and appeared at the IME as agreed. At the same time, the Court finds that lesser sanctions than the ones suggested by Defendant are adequate to remedy the situation.

Accordingly, it is hereby **ORDERED**:

1. Defendant's Motion Requesting Sanctions (Docket No. 97) is **GRANTED IN PART AND DENIED IN PART**.

2. Plaintiff shall make himself available and attend a medical examination, as previously agreed, at a date and time acceptable to the examiner, on or before **July 31, 2009**.

3. Plaintiff shall bear **all** his travel expenses and costs related to said IME.

4. The Seventh and Final Scheduling Order (Docket No. 78) is **AMENDED** as follows:

    a. Defendant shall provide to counsel for Plaintiff a copy of the opinion of the examiner conducting Plaintiff's IME on or before **August 15, 2009**.

      b.      The depositions of the examiner conducting Plaintiff's IME by Plaintiff and any of Plaintiff's experts by Defendant for which the IME report is necessary shall be completed on or before **September 4, 2009**.

5.      All other dates and deadlines contained in the Seventh and Final Scheduling Order remain unchanged and in full force and effect.

      ENTER:

Dated: July 13. 2009      /s/ George W. Cannon, Jr.
      GEORGE W. CANNON, JR.
      U.S. MAGISTRATE JUDGE